ARTHUR CHARLES SMITH
    Petitioner,

VS.

UNITED STATES OF AMERICA
    Respondent.

Case # 3:13-cr-00005

FILED
2019 APR 22 P 12: 14
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____DEPT. CLERK

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255(f)(3)

    Comes Now the petitioner in the above titled case, Who Respectfully moves this Honorable Court for an Order granting his motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255(f)(3) based on two Retroacrive cases from the Supreme Court, Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Sessions v. Dimaya, 1338 S. Ct. 1204, 200 L.Ed.2d 549 (2018), which the Supreme Court states is an extension of Johnson.

QUESTION OF RETROACTIVITY

STATUTE OF LIMITATIONS

    28 U.S.C. § 2255(f)(3) allows the petitioner to file a motion within one year of the Supreme Court's decision in Session v. Dimaya, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), which is retoractive because it is an exrension Johnson. Dimaya was decided April 17, 2018, Thus, this motion is timely. However, if there is any question of retroactivity, this court can make the determination whether the case is retroactive. See Dodd v. United States, 543 U.S. 353, 357-58, 125 S.Ct. 2478, 162 L.Ed.2d 569 (2015)("holding that the one-year limitation period runs "from the date on which the right ... was initially recognized by th[e] [Supreme Court], which should apply to the petitioner's case.

When the Supreme Court has made a new rule of Constitutional law retroactiviely applicable to cases on collateral review. In United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), We "assum[d] without deciding that a Circuit Court can declare a new rule retroactive on collateral review in an initial §2255 petition." Id. at 146 n.4. In doing so, we noted the contrast in the statutory language governing retroactivity for purposes of filing a "Second or Sucessive" motion in §2255(h). Id. Unlike the former, which references a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" 28 U.S.C.A. §2255(f)(3)(emphasis added), the later specifically provides that "[a] second or sucessive motion must certified as provided in section 2244 by a panel of the appropriate Court of appeals to contain... a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, "28 U.S.C.A. §2255(h)(2)(emphasis added). We also note, however, that "the language of subsection [(f)(3)] can also be read to require the Supreme Court to make the decision on retroactivity before a petitioner may file an initial §2255 motion." Sanders, 247 F.3d at 146 n.4; but see Dodd, and make a new rule retroactive for purposes of this section can be made by any lower court," rather than "only [by] the Supreme Court" (first emphasis added).

This Circuit now joins those circuits that have considered the issue and hold that §2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court. See Wiegand v. United States, 380 F.3d 890, 892 (6th

Cir. 2004) (holding that "any federal court can make the retroactivity decision" for purposes of §2255(f)(3); Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004)(holding that "every circuit consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of §2255(f)(3))" aff'd 545 U.S. 353, 125 S. Ct. 2478, 162 L.Ed 2d 343 (2005); United States v. Swinton, 333 F.3d 481, 486-87 (3rd. Cir. 2003) (concluding that the statute of limitation provision of §2255 allows district courts and courts of appeals to make retroactivity decision" and that this "may be essential to put the question before the Supreme Court for final resolution"); Fischer v. United States, 285 F.3d 596, 599-600 (7th Cir. 2002) (noting that "district courts, no less than the Supreme Court, may issue opinions holding that a decision applies retroactively to cases on collateral review" (internal quotation marks and alteration omitted)). United States v. Lopez, 248 F.3d 427, 432 (5th Cir. 2001)(holding that section 2255 (f)(3) "does not require that the retroactivity determination must be made by the Supreme Court itself").

## PROCEDURAL HISTORY

Petitioner argues that he plead guilty to three federal counts stemming from his Armed Robbery of a CVS Pharmacy in Sevierve, Tennessee. The government contended that Smith qualified as a career offender based on two prior state-court convictions; one for Drug Trafficking under South Carolina Law and the other for common-law Robbery under North Carolina law. Petitioner admitted that the South Carolina Drug-Trafficking conviction was a predicate offense, but maintained that the North Carolina common law Robbery conviction

was not.

When Petitioner was originally sentenced on September 30, 2013, the applicable version of the guidelines (2012 ED.) Defined "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, That-(1) Has an element the use, attempted use or threatened use of physical force against the person of another, or (2) is a burgulary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(A)(2012). Subsection (1) is commonly known as the "elements" clause. Section (2) is general divided into the "enumerated-offense" clause ("is burglary of a dwelling, arson or extortion involves use of explosives") and the "residual" clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another").

At Petitioner's original sentencing hearing the District Court concluded that North Carolina common-law Robbery qualifies as a crime of violence under the residual clause. The Court thus applied the career-offender enhancement, which increased petitioners guidelines range from 194-221 months up to 262-327 months. The District Court opted for the bottom end of the range, thus sentencing Petitioner to 262 months imprisonment.

Petitioner appealed and the Court of Appeals for the Sixth Circuit affirmed the sentence in an unpublished opinion that relied on the residual clause. <u>U.S. V. Smith</u> (Smith 1), However the Supreme Court invalidated the Armed Career Criminal Acts identically worded residual

so long as Smith 1's reasoning has not been otherwise undermined." Further, the Court stated "A thorough examination of both <u>Smith 1</u> and the reason's Smith offers to depart from it shows that the logic of <u>Smith 1</u> remains sound and therefore North Carolina common-law Robbery is a crime of violence under the guidelines 'Residual Clause'.

As a consequence the United States Court of Appeals for the sixth Circuit ordered that the Petitioner's sentence be affirmed.

## ARGUMENT

I. Petitioner asserts that in light of Supreme Courts holding in <u>Sessions V. Dimaya</u>, 528 U.S. _, 138 S. Ct. 1204, 200 L. Ed.2d 549 (2018). Petitioner conviction for common-law Robbery is invalid.

A. Petitioner avers <u>Sessions V. Dimaya</u> held that a court must not only identify the conduct typically involved in a crime, but also gauge its potential consequences, or said a bit differently evaluating the risk of physical force itself entails considering the risk of physical injury which means crime of violence. Further the <u>Dimaya</u> court held that 4B1.1 along with 18 U.S.C. § 16(b) is unconstitutionally vague, therefore Petitioner's sentence is constitutionally invalid. Petitioner's common-law Robbery fails to meet the standards for actual physical injury in order to substantiate an actual "crime of violence," thus this court should be compelled to conclude that North Carolina common-law Robbery cannot be considered as a crime of violence for enhancement purposes under U.S.S.G. § 4B1.1. (see <u>Johnson V. United States</u>)

B. Petitioner's sentence was imposed in violation of the constitution under the fifth amendment.

The <u>Dimaya</u> Court established that, absent the aggravating conduct necessary to substantiate an enhanced sentence under U.S.S.G. 4B1.1 such a sentence would be a miscarriage of justice that runs afoul

of the fifth amendment.

At sentencing before the United States District Court of Tennessee, the Court held that Petitioner's prior conviction of North Carolina common-law Robbery was and is a "violent felony" under the Residual Clause. Petitioner now would like this Court to consider the fact that until the holdings in Johnson and Dimaya, the Court was in good standing as to the sentence premised via the Residual Clause. However, post-Johnson and Dimaya establishes that the upholding of such a sentence is unlawful see United States V. Butler, 2019 U.S. App LEXIS 2139, United States V. Gander, 823 F.3d 793, 803-04 (4th Cir. 2016), Davis V. United States, 2016 U.S. Dist. LEXIS 100993 (4th Cir. 2016), United States V. Middleton, 883 F.3d 485. Held that North Carolina common-law Robbery does not necessarly include the use, attempted use or threatened use of physical force capable of causing physical pain or injury to another person.

Wherefore Petitioner request that this Court grant relief in the form of vacating Petitioner's sentence and resentence absent U.S.S.G. 4B1.1 career offender guidelines.

II. Johnson interpreted physical force to mean physical injury, thus Petitioners common-law Robbery does not meet the standard.

A. Petitioner, avers that the prior conviction under North Carolina common-law Robbery is not categorically a crime of violence under U.S.S.G. 4B1.2(A)(1)'s use of physical force clause. In United States V. Gardner, 823 F.3d 793, 803-04 (4th Cir. 2016). The fourth Circuit determined that "A conviction under North Carolina Robbery statute did not qualify as a violent felony under the ACCA in light of decisions from the North Carolina Court of Appeals holding that 'A defendant's act of pushing the victims hand off a carton of cigarette was sufficient "actual force" to uphold a common-law Robbery

conviction. However, Petitioner's common-law Robbery was based on acts that did not involve use or attempted use of force as required by law.

Wherefore, Petitioner request that this Court grant relief via vacating his sentence in light of Johnson and resentencing him without the application of U.S.S.G. 4B1.1 Career Offender guideline.

CONCLUSION

Whereas the government for the fourth Circuit has made the consession that absent actual physical force, common-law Robbery is not itself a crime of violence. Based on the forgoing facts submitted to this court, this court should vacate, set-aside and resentence Petitioner as mandated in light of the Supreme Court holdings Johnson and Dimaya and resentence the petitioner as mandated in light of the Supreme Court holding in Johnson and Dimaya and resentence petitioner to the guidelines applicable without the career offender enhancement.

Dated April 17, 2019                    Respectfully Submitted

                                        *[signature: Arthur C. Smith]*

CERTIFICATE OF SERVICE

I, _Arthur C Smith_, hereby certify that I have served a true and correct copy of the foregoing: _28 U.S.C. 2255_

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the Court, <u>Houstan v. Lack</u>, 101 Led.2d 245 (1988), upon the Court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to: _Clerk of Courts_
_U.S. Court House_
_800 Market St._
_Suite 130_
_Knoxville TN 37909_

and deposited same in the United States Postal Mail at the United States Penitentiary

Signed on this ___17___ day of ___April___.

Respectfully submitted

_[signature]_

Case 3:19-cv-00145-TAV-DCP   Document 1   Filed 04/22/19   Page 8 of 8   PageID #: 8