UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ARTHUR CHARLES SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:19-CV-145 |
| ) | 3:13-CR-005 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Arthur Charles Smith's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 119].[1] The United States has responded in opposition [Doc. 9]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 7]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 119] will be **DENIED**.

I.  BACKGROUND

In January 2013, Petitioner and two co-defendants were charged in a three-count indictment for robbing a pharmacy, along with related gun charges. [Crim. Doc. 1].

---

[1] Document numbers not otherwise specified refer to the civil docket.

Petitioner was named in all three counts. [*See id*.]. Petitioner was appointed Attorney Bradley Henry as counsel. [Crim. Doc. 8].

In April 2013, Petitioner chose to plead guilty without a plea agreement to all three charges. [Crim. Docs. 29, 30 & 41]. A factual basis was submitted by the United States before the change of plea hearing which contained facts sufficient to satisfy the Government's burden of proof as to all three charges against Petitioner. [Crim. Doc. 40].

In the Presentence Investigation Report ("PSR"), the facts of the case are stated. [Exhibit A]. The PSR indicates that on December 17, 2012, at approximately 4:30 p.m., the CVS store located in Sevierville, Tennessee, was robbed by Petitioner and co-defendants. Petitioner was armed with a loaded 9mm pistol, and Petitioner and co-defendant 1 obtained controlled substances worth approximately $15,168.00 in replacement value. Petitioner and co-defendant 1 fled out the back door where co-defendant 2 was waiting in a stolen Ford Explorer. Sevierville Police Department officers located the vehicle after a tip from a witness and began a pursuit of the fleeing vehicle. The vehicle ultimately crashed. Petitioner was arrested with the stolen controlled substances and the loaded firearm. After a valid rights waiver, Petitioner admitted his involvement. An ATF Special Agent determined that the firearm and ammunition were manufactured outside of the State of Tennessee. Petitioner had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year namely: a 1985 Minnesota felony conviction for receiving stolen property and witness tampering; a 1987 Minnesota felony conviction for drug offenses; a 1989 Minnesota felony conviction for theft; a 1990 Minnesota felony conviction for theft; a 2008 South Carolina felony conviction for

manufacturing Schedule I, II, or III; and a 2010 North Carolina felony conviction for robbery. [Exhibit A, pp. 4-5].

The Court conducted a change of plea hearing on April 23, 2013. At the hearing, Petitioner answered the Court's questions clearly and appropriately. [Crim. Doc. 79]. The Court discussed the counts for which Petitioner was pleading guilty, explained the maximum potential sentence Petitioner could receive by pleading guilty, determined that Petitioner was competent to plead guilty, explained that Petitioner was pleading guilty without a plea agreement, and that the Court would determine Petitioner's sentence after the PSR was filed. [*Id*.]. Petitioner stated he understood everything the Court discussed, stated he wished to plead guilty without a Plea Agreement, and that he was pleading guilty of his own volition without being coerced in any way. [*Id*.].

The PSR determined that Petitioner was a career offender pursuant to U.S.S.G. §4B1.1, resulting in a restricted guideline range of 262 to 327 months, with the mandatory consecutive 84-month sentence as to Count 2 incorporated. [Exhibit A].

Petitioner, through counsel, filed a sentencing memorandum containing objections to the PSR. [Crim. Doc. 54]. Petitioner, through counsel, objected to his classification as a career offender, arguing first that his prior North Carolina robbery conviction was not a crime of violence so he was only convicted of one qualifying conviction, and second, that the Sixth Amendment prohibits the Court from applying any sentencing enhancement based on a prior conviction not proved to a jury. [*Id*.]. Petitioner, through counsel, requested a variance and a sentence of 120 month's incarceration. [*Id*.]. The United States

3

responded in opposition, arguing that the PSR guidelines range was properly calculated, and requesting a sentence of 266 months. [Crim. Doc. 56].

On September 30, 2013, the Court held a sentencing hearing, overruling Petitioner's objections to the PSR [Crim. Doc. 74], and sentencing Petitioner to a total of 262 months' imprisonment and then five years of supervised release. [Crim. Docs. 75 & 80]. Petitioner filed an appeal. [Crim. Doc. 76]. Petitioner filed a Writ of Certiorari to the United States Supreme Court, who vacated Petitioner's judgment and remanded his case to the Sixth Circuit Court of Appeals for reconsideration under *Johnson*. [Crim. Doc. 85]. The Sixth Court remanded the case to this Court for resentencing, finding that Petitioner's original sentence was based on U.S.S.G. §4B1.2(a)(2)'s unconstitutional residual clause. [Crim. Doc. 89].

Attorney Bradley Henry was re-appointed to represent Petitioner at his resentencing. [Crim. Doc. 91]. A Revised Presentence Investigation Report ("RPSR") was issued which once again determined that Petitioner was a Career Offender with a Guideline Range of 262-327 months' imprisonment with the consecutive sentence for Count 2 incorporated. [Crim. Doc. 98]. Petitioner filed objections to the career offender classification, arguing that the North Carolina robbery conviction was not a crime of violence, and therefore not a predicate offense for a career offender. [Crim. Doc. 100]. Petitioner, through counsel, filed a sentencing memorandum, again asking for a variation and a 120-month sentence. [Crim. Doc. 105]. The United States did not file objections to the RPSR but filed a sentencing memorandum arguing that Petitioner's Career Offender status was correctly calculated and requesting a sentence at the top of the Guidelines range. [Crim. Doc. 104].

4

At the re-sentencing hearing on November 15, 2016, the Court heard oral arguments regarding Petitioner's career offender classification, and overruled Petitioner's objections, finding that Petitioner's "North Carolina common law robbery categorically qualifies as a crime of violence under the use-of-force clause." [Crim. Doc. 109, p. 15]. The Court went on to determine that Petitioner's North Carolina conviction also qualified as an enumerated offense pursuant to the application notes and that the United States Supreme Court had not overruled *Almendarez-Torres*. [*Id*. at 18]. Petitioner was re-sentenced to a total of 262 months' imprisonment followed by 5 years of supervised release. [Crim. Doc. 110].

Petitioner again appealed his sentence [Crim. Doc. 112], and the Sixth Circuit of Appeals affirmed Petitioner's re-sentence [Crim. Doc. 114]. Petitioner again petitioned for a Writ of Certiorari [Crim. Doc. 117], which was denied but the United States Supreme Court on October 3, 2018. [Crim. Doc. 118]. On April 17, 2019, Petitioner filed the instant § 2255 Motion to Vacate. [Crim. Doc. 119; Doc. 1]. On January 27, 2020, Petitioner filed a motion to Amend, adding an ineffective assistance of counsel claim. [Doc. 4]. The Court granted the motion [Doc. 7] and ordered the United States to respond to both motions.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of

constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255

Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises two claims in this § 2255 motion: 1) under *Sessions v. Dimaya*, the Guidelines' residual clause was invalidated and Petitioner's common law robbery conviction cannot be a crime of violence for a Career Offender designation, and 2) ineffective assistance of counsel for failing to raise the issue on his second appeal that the Guidelines had been amended in 2016, and effectively removed the residual clause from the pre-2016 version of the guidelines. [Doc. 1; Crim. Doc. 119; Doc. 4]. The Court will first address Claim 1, and then Claim 2.

#### A. Claim 1 – Petitioner's Career Offender Status

Petitioner contends that the Court erred in determining that his prior North Carolina robbery conviction was a predicate offense for a Career Offender designation. [Doc. 1]. The United States responds that Petitioner's claim regarding his Career Offender classification is not cognizable on collateral review and is squarely precluded by the Sixth Circuit's prior decisions in this case. [Doc. 9].

7

The United States is correct that Petitioner's Claim 1 is not reviewable because he has already litigated this issue on appeal. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Further, *Dimaya* offers no relief for Petitioner because, *Dimaya* invalidated the residual clause of 18 U.S.C. § 16(b), not U.S.S.G. § 4B1.2. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Petitioner was resentenced under U.S.S.G. § 4B1.2(a)(1) which the United States Supreme Court did not find void for vagueness. *See* [Crim. Doc. 109]; *see also Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

Accordingly, Petitioner's Claim 1 is without merit, not cognizable on collateral review, and will be **DENIED**.

### B. Claim 2 – Ineffective Assistance of Counsel

#### a. Timeliness

As a preliminary matter, the Government asserts that Petitioner's ineffective assistance claim is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 9]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the

8

later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding arguments his counsel failed to raise on Petitioner's second appeal. [Doc. 4]. These are facts which could have been discovered prior to Petitioner's appellate hearing through the exercise of due diligence. Petitioner's judgment became final October 3, 2018, when the Supreme Court denied Petitions' writ of certiorari, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion.

A claim raised in an untimely supplemental pleading can be deemed to have been filed on the same date as the initial, timely § 2255 motion if the supplemental claim "relates back" to the original § 2255 motion. Fed. R. Civ. P. 15(c). An untimely amendment or supplement does not "relate back" to the original motion if it raises a new ground for relief involving different facts than those claims raised in the original motion. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Instead, a new claim and the original § 2255 motion must be "tied to a common core of operative facts." *Id*. at 664. The fact that a new claim relates to the same trial, conviction, or sentence as a timely filed claim is insufficient for relation back, as construing Rule 15 in this manner would undermine the purposes of the AEDPA limitations period. *Id*. at 662. As Petitioner raised this claim January 27, 2020, almost 4 months beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), and his supplemental motion does not relate back to his original § 2255 motion, Claim 2 is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

### b. *Merits*

Even if Petitioner's Claim 2 was timely filed, it would still fail on the merits. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the

10

Case 3:19-cv-00145-RLJ-DCP   Document 11   Filed 12/02/21   Page 10 of 13   PageID #: 59

right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the

11

defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's argument fails at *Strickland's* second step. Petitioner's primary argument for ineffective assistance of counsel is that his counsel failed to raise the argument that "the United States Sentencing Guideline Amendment 798 (August 1, 2016) had deleted the residual clause under 4B1.2(a)(2) and that under 1B1.11 the Court was required to consider the Amendment before making its ruling." [Doc. 4]. However, Petitioner was sentenced under the pre-2016 Guidelines. When a case is remanded for a sentence imposed in violation of the law, "the district court must use the version of the guidelines in effect on the date it imposed the prior sentence." 18 U.S.C. § 3742(f)(1), (g)(1); *United States v. Jackson*, 901 F.3d 706, 708 (6th Cir. 2018). Petitioner was originally sentenced in 2013, and was subject to the pre-2016 guidelines for his resentencing. *Jackson* also determined that Amendment 798's deletion of the residual clause was a substantive change, was not made retroactive, and did not clarify the pre-2016 versions of U.S.S.G. § 4B1.2. *Id*. at 710. Because the argument Petitioner faults counsel for not raising is meritless, counsel cannot be constitutionally ineffective for not raising it. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003). Thus, Petitioner cannot establish prejudice because counsel is not required to raise frivolous defenses or arguments.

Accordingly, Petitioner's Claim 2 will be **DENIED** as untimely and because Petitioner has not established prejudice.

IV. **CONCLUSION**

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 119] will be **DENIED** and **DISMISSED**.

V.     **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge